UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.

KENNETH PAUL CRAWFORD, a/k/a
Ken-Ken,
                    *Defendant-Appellant.*

No. 02-4760

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.

EDWARD KENNETH FERRELL, a/k/a
Edward Kenneth Powell,
                    *Defendant-Appellant.*

No. 02-4761

Appeals from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CR-01-600-DKC)

Submitted: August 5, 2003

Decided: September 15, 2003

Before TRAXLER, KING, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

G. Arthur Robbins, CHESAPEAKE MERIDIAN, Annapolis, Maryland; Matthew Thomas Wagman, MILES & STOCKBRIDGE, P.C., Baltimore, Maryland, for Appellants. Thomas M. DiBiagio, United States Attorney, Deborah A. Johnston, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Kenneth Crawford and Edward Ferrell were convicted by jury of possession with intent to distribute heroin, 21 U.S.C. § 841(a)(1) (2000), and conspiracy to distribute heroin, 21 U.S.C. § 846 (2000). Sentences of seventy-five months and seventy-eight months were imposed upon Crawford and Ferrell, respectively. On appeal, both defendants assert that the district court improperly applied the Sentencing Guidelines for possession of a firearm. In addition, Crawford asserts that the district court erred in departing upward in the calculation of his sentence, and Ferrell appeals the drug quantity attributed to him. We affirm the sentences imposed by the district court.

First, Crawford and Ferrell assert that their sentences were improperly enhanced for the possession of a weapon during a drug transaction. *U.S. Sentencing Guidelines Manual* § 2D1.1(b)(1) (2001). Crawford and Ferrell were arrested in a car in which officers discovered drugs and a gun in the vents in the dashboard. Both assert they did not own the car, did not own the gun, did not know the gun was there, and that the gun was hidden from sight. Having thoroughly reviewed the basis for the district court's decision, we conclude that the court did not clearly err in finding that it was not clearly improbable that the weapon was connected with the offense. USSG § 2D1.1,

comment. (n.3); *United States v. McAllister*, 272 F.3d 228, 234 (4th Cir. 2001) (stating standard of review).

Crawford next asserts that the district court abused its discretion by departing upward four levels based upon the purity of the ounce of heroin he attempted to deliver, pursuant to USSG § 2D1.1, comment. (n.9). Purity of the heroin is an appropriate basis for departure as an encouraged factor. *Koon v. United States*, 518 U.S. 81, 95-96 (1996); *United States v. Rybicki*, 96 F.3d 754, 757-58 (4th Cir. 1996). The district court found that Crawford was able to access in a short period of time an ounce of high purity (87%) heroin and that access was indicative of his position within the drug distribution chain. We find that the district court did not err in imposing a four offense level departure from the applicable sentencing guideline range.*

Ferrell asserts that the district court's finding attributing at least forty grams but less than sixty grams of heroin to him was clearly erroneous because he could only be attributed with 37.8 grams seized at the time of arrest, and the 1.48 grams from a previous transaction at which he was present. The district court found it could attribute at least .72 grams of heroin to Ferrell on the basis of the $950 seized from him at his arrest and the testimony that tied Ferrell to the drug distribution conspiracy in association with Crawford. The Government has the burden of establishing the amount of drugs by a preponderance of the evidence, *United States v. Cook*, 76 F.3d 596, 604 (4th Cir. 1996), and the district court's drug quantity determination is reviewed for clear error, *United States v. Fletcher*, 74 F.3d 49, 55 (4th Cir. 1996). The Sentencing Guidelines do not demand certainty and precision; they contemplate that a court will do the best that it can with the evidence in the record, erring on the side of caution. *Id.* We

---

*We note that, while Crawford's appeal was pending, Congress enacted legislation changing the standard of review applicable to departure decisions under the sentencing guidelines. *See* Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003 ("PROTECT Act"), Pub. L. No. 108-21, § 401(d), 117 Stat. 650, 670. We need not decide whether the provisions of the PROTECT Act apply to Crawford's case because we would affirm under the new standard of review or the more deferential standard applicable before the PROTECT Act.

find the district court did not clearly err in attributing at least forty grams of heroin to Ferrell.

Accordingly, we affirm Crawford's and Ferrell's sentences. We deny Crawford's motion to file a supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*